# JOHN O'BRIEN

## *v.*

# HENRY PALMER.

1. VERDICT—*form of—generally in the control of the court.* In an action of assumpsit, for the purchase price of certain property, one point of controversy was, as made by the pleadings, whether the defendant was obliged to deliver up to plaintiff five certain notes executed by him to defendant, on a previous purchase of the same property from defendant, and the jury returned a verdict as follows: "We find the issues for the plaintiff, and assess his damages at $4,396. 65, and we find that the plaintiff is entitled to the possession of the five certain promissory notes in the proceedings mentioned, and produced upon the trial by the defendant:" *Held,* that it was not error for the court, of its own motion, to reject the latter portion of the verdict as surplusage, and render judgment simply for the money part.

2. NEW TRIAL—*verdict against the evidence.* This court has repeatedly said, that in cases where there is a contrariety of evidence, and the facts and circumstances, will, by a fair and reasonable intendment, warrant the inference of the jury, the court will, reluctantly, if ever, disturb the verdict, notwithstanding it may appear to be against the weight of the testimony.

3. But where the evidence is conflicting, this court will not disturb the verdict, even though it may be against the weight of evidence. It is the peculiar province of the jury to determine its preponderance.

4. EVIDENCE—*parol evidence admissible to explain the receipt of money.* Where in a bill of sale of certain property, the purchase price was stated to be $10,000, with the words, "Received payment in full:" *Held,* that parol evidence was admissible, to show that no money, in fact, was paid.

5. SAME—*cannot be admitted to vary the terms of the contract.* The principle is well settled, that parol evidence is admissible for the purpose of explaining a receipt for money, or to show that it was obtained by fraud or violence, but not to vary or explain the contract of the parties.

6. INSTRUCTIONS—*not germane to the issue—may be refused.* It is not error for the court to refuse an instruction which is not germane to the issue.

APPEAL from the Superior Court of Chicago.

The opinion states the case.

Messrs. Shorey & Hays, for the appellant.

Messrs. Burgess, Driscoll & Pfirshing, for the appellee.

Mr. Chief Justice Breese delivered the opinion of the Court:

This was an action of assumpsit, brought to. the Superior Court of the City of Chicago, by Henry Palmer, against John O'Brien, for the purchase price of certain property known as "Palmer's Great Western Circus," sold by plaintiff to the defendant.

The jury found for the plaintiff, and the court rendered judgment on the verdict, having overruled defendant's motion for a new trial.

To reverse this judgment, the defendant appeals to this court, assigning as error, among others, the refusal to give certain instructions asked for by the defendant, and in giving those asked for by the plaintiff, and in not setting aside the verdict as being against the weight of evidence, and because the verdict was not in proper form.

As to the last error assigned, it will be observed, one point of controversy between the parties was, as set out in defendant's second plea, whether defendant was obliged by the contract to deliver up to plaintiff five certain notes plaintiff had executed to the defendant, on a previous purchase by plaintiff from defendant, of the property in the circus, it appearing that plaintiff had originally bought the circus of defendant on a credit, evidenced by three notes, and had re-sold it to defendant.

The form of the verdict of the jury was,—

"We find the issues for the plaintiff, and assess his damages at $4,396.65; and we find that the plaintiff is entitled to the possession of the five certain promissory notes in the proceed-

ings mentioned and produced upon the trial by the defendant."

The judgment was entered simply for the money part of the verdict, the court, of its own motion, rejecting the last clause as surplusage, and in this there was no error to the prejudice of the defendant. Generally, the form of a verdict is in the control of the court. *Osgood* v. *McConnell*, 32 Ill. 75.

The judgment was rendered on the substantial part of the verdict, precisely as found by the jury.

On the point that the verdict should be set aside, as being against the weight of evidence, we have to say, and we have repeatedly said, where there is a contrariety of evidence, and circumstances will, by a fair and reasonable intendment, warrant the inference of the jury, the court will reluctantly, if ever, disturb their verdict, notwithstanding it may appear to be against the strength and weight of the testimony. *Lowry* v. *Orr*, 1 Gilm. 70 ; *Sullivan* v. *Dollins*, 13 Ill. 85 ; *Bloom* v. *Crane*, 24 ib. 48. And this court has also said, that a verdict will not be disturbed for any slight preponderance of evidence, but if there is a strong preponderance, it will be set aside, especially when apparent injustice has been done. *Chase* v. *Debolt*, 2 Gilm. 371 ; *Boyle* v. *Levings*, 24 Ill. 223 ; *Clement* v. *Bushway*, 25 ib. 200 ; *Bloomer* v. *Denman*, 12 ib. 240 ; *Goodell* v. *Woodruff*, 20 ib. 191.

And where the evidence is conflicting, this court has uniformly held, a verdict will not be set aside, even though it may be against the weight of evidence. *Morgan* v. *Ryerson*, 20 Ill. 343 ; *Martin* v. *Ehrenfels*, 24 ib. 189 ; *Pulliam* v. *Ogle* 27 ib. 189. In this case, the testimony was conflicting, and it was the peculiar province of the jury to determine its preponderance, an appellate court having no *data* by which to reconcile it, or means to weigh it.

The instructions asked by defendant and refused, were the seventh and twelfth. The seventh is as follows :

" The court further instructs the jury, that if they believe, from the evidence, that the plaintiff, Palmer, on or about the 8th day of October, 1866, executed and delivered to the defendant, O'Brien, a bill of sale of the property known as ' Palmer's Great Western Circus,' the facts stated in such bill of sale cannot be contradicted by parol testimony so far as it relates to the contract of sale between the parties."

In the bill of sale of the circus property, by appellee to appellant, the purchase price was stated to be $10,000, with the words, "Received payment in full."

It is well settled, that a receipt which on its face purports to be, and is, the contract of the parties, cannot be explained or varied by parol evidence, but such portion of it as merely goes to the receipt of the money, may be explained by showing no money was in fact paid.

The instruction, as worded, was calculated to mislead the jury, for while, on the one hand, the written contract could not be explained by parol, the receipt for the purchase price of the articles sold could be. It was, therefore, properly refused.

· The twelfth instruction is as follows :

" If the jury believe, from the evidence, that on the 8th day of October, 1866, when the plaintiff sold the circus property in question in this suit to the defendant, O'Brien, the said defendant held five certain promissory notes against the plaintiff, which were then due and unpaid, and that said notes were to form a part of the consideration of said sale, then the plaintiff cannot recover in this suit any damages for the retention of said notes by the defendant, and the jury must find accordingly."

If this instruction was a proper one, the refusal to give it has not prejudiced the defendant, as the jury allowed no damages for the retention of these notes. The great point in controversy was, as to the money payment, the defendant testifying he paid it, the plaintiff swearing the contrary, and the jury, under the circumstances, chose to believe the plaintiff. The instruction was properly refused, as it was not germane to the issue. The plaintiff claimed no damages by reason of the retention of these notes.

We see no substantial objection to the sixth, seventh, tenth and sixteenth instructions given for the plaintiff. The sixth is but the repetition of a settled principle, that a receipt for money may be explained by parol, and it may be shown it was obtained by fraud or violence. This court has held, that the recital in a deed of the payment of the consideration money, may be contradicted by parol, but such evidence must not affect the legal import of the deed. *Kimball* v. *Walker et al.* 30 Ill. 482. So here, the parol proof was admissible, to show the money was not paid on the contract of sale, but not that a sale on terms different from the written contract was made.

The seventh instruction of the plaintiff had reference to the credibility of the defendant, based on statements made by him, supposed to be contradicted by other testimony in the cause, and of the same character is the tenth. They are as follows:

"7th. Should the jury believe, from the evidence on the part of the plaintiff, that the defendant, John O'Brien, at the time he received the bill of sale of the circus in question, at the Matteson House aforesaid, displayed a draft or check, and at the same time remarking, that he could not pay the plaintiff his $2,000 until he got the same cashed, and $500 more of some third party, or words to that effect, and the same is denied by John O'Brien in his deposition, which has been read to the jury, the jury are instructed that this is proper evidence for them to consider in determining whether such denial is

consistent with the statement made by the defendant, the said John O'Brien, that he had a short time previous, on the same morning, paid to the plaintiff the sum of $3,700.

" 10th.   If the jury are satisfied, by the evidence presented by the plaintiff, that the said defendant, John O'Brien, said to the plaintiff that the wagons and harness left at St. Joseph, Missouri, were not worth shipping, but that he should sell them at auction or otherwise for what he could get, such fact is proper for the jury to consider, whether the said defendant was ever led to believe, from the statements of the said plaintiff, that the said wagons and harness were worth the sum of $3,000, and whether the said defendant was holding the said five promissory notes of said plaintiff, as security for the delivery thereof."

The sixteenth instruction went to the impeachment of one Campbell, a witness for defendant, and though not, perhaps, strictly accurate in its terms, it contains a correct legal principle.   It is as follows:

" If the jury believe, from the testimony in the case, that in the fall of 1866, Oliver Campbell, while at Lincoln, State of Illinois, did state to one or more persons, that Henry Palmer, plaintiff in this case, had sold out his circus to John O'Brien, the defendant in this case, for what the plaintiff owed the said O'Brien, and $4,000 in cash besides, and O'Brien had not paid plaintiff said $4,000, and that the said Palmer was waiting in Chicago to get his money, or words to that effect, and that the statement of the said Campbell on the stand, in reference to the same subject matter, was willfully and corruptly false, then the jury are instructed that the testimony of the said Oliver Campbell is impeached, not only in the above particular referred to, but in all other statements made by the said Oliver Campbell, material to the issues and uncorroborated by other testimony unimpeached."

The controversy about the wagon left at St. Joseph, Missouri, is of no importance as weakening the plaintiff's claim to recover. By the contract, defendant was to receive the wagon at that place, and plaintiff sent it there, paid all the expenses of its keep, and directed it to be delivered to the defendant when he should demand it.

We have examined all the evidence in the case, which is quite voluminous, and it impresses us most forcibly with the justice of the plaintiff's claim, and that he ought to recover; and perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*