CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY

*v.*

JAMES B. DUNN.

1. DAMAGES—*of exemplary—and when excessive.* In an action against a railroad company, for injuries to the plaintiff, caused by the alleged negligence of defendants' servants in blowing the whistle on an engine, at a time and place, however, when and where it was customary to blow it, while too near a team of mules attached to a wagon in which the plaintiff was riding, it was *held*, that compensatory damages only should be given. And the only injury sustained by the plaintiff being a sprained ankle, from which with proper care he would have recovered in five or six weeks, a verdict for $1525 was regarded as excessive.

2. NEGLIGENCE—*contributory*—*comparative*. In an action to recover damages occasioned by the negligence of the defendant, the plaintiff can not recover when he has been guilty of contributory negligence, unless his negligence is far less in degree than that of the defendant, and then his own negligence is not a bar to his recovery.

APPEAL from the Circuit Court of Knox county; the Hon. JOSEPH SIBLEY, Judge, presiding.

This was an action of trespass on the case, brought by James B. Dunn, against the Chicago, Burlington & Quincy railroad company, to recover for injuries to the person of the plaintiff caused by the alleged negligence of the servants of the defendants. It appears from the record, that while the plaintiff, with one Marvin R. Dunn, was riding in a wagon, drawn by a pair of mules, across the track of defendants' road, the mules became greatly frightened at the sounding of the whistle on defendants' engine, which was standing at the side of the crossing, and while thus frightened and in consequence thereof, turned suddenly around, overturned the wagon, and threw the plaintiff violently upon the ground, spraining his ankle. The jury returned a verdict for $1525, and judgment was entered thereon. To reverse this judgment defendants appealed.

Messrs. LANPHERE & PRICE and Mr. A. M. CRAIG, for the appellants.

Mr. J. DOUGLAS and Messrs. KITCHELL & ARNOLD, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

Upon the question whether the employees of the railway company were really guilty of carelessness, the testimony was conflicting, and the verdict can not be set aside as unsustained by the evidence. But we reverse the judgment because of the excessive damages. In any view that may be taken of the

case, it is one for compensatory and not punitive, damages, the only fault chargeable upon the appellants, being that the engineer blew his whistle when too near the mules, although at a time and place when and where it was customary to blow it.   The mules and wagon did not belong to the plaintiff, and the only injury to him was a sprained ankle.   The physicians testify that he would have recovered from the sprain in five or six weeks, if he had taken proper care of his ankle, but this he did not do.   The day after the accident he went from the house where he lived to Warren county, in a buggy, a distance of six miles, returning the same day, and when advised to bandage his ankle, said he could not keep quiet as he had work to do.   The consequence was his ankle swelled, and he went on crutches for three or four weeks, but he testifies he was not long confined to the house.   He also testified, that at the time of the trial it had ceased to trouble him unless he wore coarse boots or walked a good deal.   There is no evidence that he ever took any care of his ankle, except to buy for use upon it one or two bottles of liniment.   It is evident that the injury was at no time serious, and would have been very slight if he had taken proper care.

For this injury the jury gave him $1525 damages.   There is no evidence of severe bodily pain, or of any facts upon which this verdict could be based, except those we have above set forth.

We have had occasion, in the case of the *Illinois Central Railroad* v. *Welch, ante,* 183, to make some comments upon the unreasoning prejudice which so often prompts juries to give verdicts against railway corporations, for damages which they would never think of assessing in similar suits between individuals, and we will not repeat what we there said.   This verdict is wholly unreasonable and must be set aside.

It is unnecessary to discuss the instructions.  Taken together, they gave the law to the jury with substantial accuracy, but those given for the plaintiff are carelessly drawn, and on the

next trial should be prepared with greater accuracy. The conclusion of the sixth instruction might be construed as implying that if the plaintiff and defendant were both careless, and equally careless, in causing the injury, the plaintiff might nevertheless recover. This was no doubt the result of inadvertence, as this court has so often said that the plaintiff can not recover where he has been guilty of contributory negligence, unless his negligence is far less in degree than that of the defendant, and then his own negligence is not a bar to his recovery.

Judgment reversed and the cause remanded.

*Judgment reversed.*