THE ROCKFORD, ROCK ISLAND AND ST. LOUIS RAIL-
ROAD COMPANY

*v.*

CYRUS W. STEELE.

JUDGMENT—*form in debt.* It is an irregularity to render a judgment
in damages in an action of debt. But it is not such an error as to justify
a reversal, and the irregularity is cured by section 56 of the Practice act
of 1872.

APPEAL from the Circuit Court of Henderson county ; the
Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action of debt, brought by Cyrus W. Steele
against the appellant.

Mr. JOHN J. GLENN, for the appellant.

Mr. JAMES W. DAVIDSON, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the
Court:

This was an action of debt, in the Henderson circuit court,
on a special contract, alleged to be under seal, and the com-
mon counts added. The pleas were, *non est factum*, and a
failure of performance on the part of the plaintiff. There
was a trial by jury, and verdict and judgment for the plain-
tiff for four hundred dollars damages.

The plaintiff on the trial did not seek to recover on the
sealed contract, but on the common counts.

Objection is made of want of proof to charge appellants
under this alleged contract, or with liability for the value of
these cross-ties. We think there was evidence tending to show
that Corey and McLaughlin were authorized agents of appel-
lants, and they would be bound by their acts done within the
scope of their respective agencies.

But there is an error which appellants claim can not be overlooked. It is, that the action was debt, and the judgment is for damages only. Technically this is error, but as this court held, in *Foster* v. *Jared*, 52 Ill. 451, that the word "debt," in a judgment, did not necessarily make it a judgment in debt, so, here, the word "damages" does not, of itself. make a judgment in damages. It could make no difference to appellants if the amount found by the jury was due by them to the appellee, whether it should assume the form of debt or damages. They owed the amount to appellee, and ought to pay it. This judgment could be successfully pleaded in bar of another suit brought for the same cause of action.

At most, it was a mere irregularity, and is cured by section 56 of the Practice Act of 1872. Sess. Laws, 247.

The judgment must be affirmed.

*Judgment affirmed.*