[No. 9675. In Bank. — August 28, 1886.]

## S. B. DAVIDSON, Respondent, v. THOMAS DE-VINE, Appellant.

JUDGMENT — VERDICT — NOMINAL DAMAGES. — A judgment for one cent damages, entered upon a special verdict in favor of the plaintiff for "nominal damages," if in other respects proper, will not be set aside for uncertainty in the verdict.

INJUNCTION SUIT — COSTS. — In an injunction suit, where a perpetual injunction is awarded, the allowance of costs to the plaintiff is within the discretion of the court.

APPEAL from a judgment of the Superior Court of Sierra County.

The facts are stated in the opinion.

*John Gale,* for Appellant.

*S. B. Davidson,* and *M. Farley,* for Respondent.

SEARLS, C. — This was an action to recover damages for an alleged trespass upon a mining claim, and for an injunction.

Plaintiff had judgment for one cent damages, costs of suit, and a perpetual injunction against defendant.

A motion for new trial was made and denied.

Defendant appeals from the final judgment only, and not from the order overruling the motion for new trial.

There is no bill of exceptions or statement on appeal, and we can only look to the judgment roll in determining the propriety of the action of the court below.

The perpetual injunction was warranted by the complaint, and in the absence of any statement, we must presume the evidence was sufficient to justify its issuance.

The awarding of costs to the plaintiff was within the discretion of the court upon decreeing a perpetual injunction.

This leaves nothing to be considered but the validity

of the judgment for one cent damages, rendered upon a special finding of a jury, which is attacked for want of preciseness.

The answer does not deny cutting timber upon the premises, which are found by the jury to belong to the plaintiff, and if it did, we must presume, in the absence of a statement, that there was ample testimony to support the findings.

The finding to which exception is taken is in answer to the following questions:—

"Has the defendant cut upon and taken from the premises described in the complaint, without permission of the owners, any wood since 1870, and prior to the commencement of this suit? If so, what damage was done to plaintiff?"

The answer is as follows:—

"Yes. Damages nominal."

Under the pleadings, admitting the cutting of the wood by defendant, it must follow that when the ownership of the premises was established in plaintiff, he was entitled as a conclusion of law to nominal damages.

Every trespass upon real property imports an injury, for which the law gives nominal damages. (*Atwood* v. *Fricot,* 17 Cal. 38.)

By nominal damages is meant some trifling sum, as a penny, one cent, six cents, etc. (Bouv. Law. Dict., tit. Nominal Damages.)

The proposition presented, then, is this: Under the pleadings and facts as found, plaintiff was entitled to nominal damages; and had the jury found otherwise upon this last question, it would have been the duty of the court, in view of the other facts found, to set the finding aside.

We are asked to set the verdict and judgment aside because the term "damages nominal" is not definite and certain.

The answer is, judgments are reversed by this court,

not for error alone, but for such errors as work an injury to the appellants.

Defendant was not injured by a judgment in other respects proper, and which awarded one cent damages against him in a case where plaintiff was entitled to nominal damages.

Again, the law disregards trifles (Civ. Code, sec. 3533), and as only *one cent* is involved in the determination of the question at issue, the doctrine of *De minimis non curat lex* should be invoked, and the judgment of the court below should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.