## EDWARD P. BAKER

*v.*

## OSCAR AALBERG.

*Opinion filed December 18, 1899.*

1. MORTGAGES—*insurance money paid by mortgagee may be allowed on foreclosure if authorized by mortgage.* An amount paid by the mortgagee to obtain insurance may be allowed on foreclosure, where the mortgage requires the mortgagor to keep up the insurance and provides that money advanced by the mortgagee for insurance shall be paid out of the proceeds of the sale of the property.

2. SAME—*mortgagor's grantee not entitled to notice to take out insurance.* One purchasing premises subject to a mortgage is bound to keep up the insurance in accordance with the terms of the mortgage without special notice to do so.

3. SAME—*stipulated attorney's fee may be allowed if not shown to be unreasonable.* A stipulated solicitor's fee may be allowed on foreclosure where it does not appear that the amount was inserted as a cover for usury or that it is unreasonable or excessive.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

CHARLES PICKLER, for appellant.

LACKNER, BUTZ & MILLER, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a bill filed in the superior court of Cook county by Oscar Aalberg to foreclose a trust deed given by Robert Wallace to secure his note for $4500, dated September 1, 1892, due in five years after date, with interest at six per cent, payable semi-annually, and seven per cent after maturity, together with ten interest notes of that date, each for $135, due at intervals of six months, with interest after maturity at seven per cent. The cause was referred to the master, and the master reported that the trust deed provides that upon the happening of any

default, on the application of the legal holder of the notes it shall be lawful for the said grantee named in said trust deed, in his own name or otherwise, to foreclose and obtain a decree for the sale and conveyance of said property to pay said debt; that there is due on the said notes $5019.28; that complainant expended $60 for procuring insurance on the premises in question, as well as $100 for solicitor's fees. The court entered a decree of foreclosure for the amount of the debt, $60 for insurance which had been paid by appellee, and $100 for solicitor's fees.

The only objection interposed to the decree is in regard to the two items last named. As to these items it is insisted that the evidence does not authorize their allowance by the court. By the terms of the trust deed the mortgagors were required to keep the premises insured for the benefit of the mortgagee and deliver the policy to the trustee. The trust deed also provided that all money advanced by the mortgagee for insurance should be paid out of the proceeds of the sale of the property. Under these provisions of the deed of trust it was the duty of the mortgagors to keep the property insured for the benefit of the mortgagee, and if they failed to do so the mortgagee had the right to have the premises insured and charge the amount of insurance to the mortgagors.

Complaint is made that Baker, who purchased the premises, was not notified to take out insurance. Baker acquired his rights in the property, whatever they were, subject to the trust deed, and it was his business to see that the insurance was kept up on the property, as required by the trust deed, without notice.

As to the sum of $100 allowed by the court for a solicitor's fee, the trust deed provided for the payment of that amount in case of foreclosure. Where the amount is stipulated by the parties in the mortgage or deed of trust, and it does not appear that the amount was inserted as a cover for usury, or that it is unreasonable or excessive, the parties are concluded by the amount agreed upon.

(*Heffron* v. *Gage*, 149 Ill. 182.) Moreover, the evidence introduced before the master showed that $200 would be a reasonable fee for the services rendered. Under the testimony the court was fully warranted in allowing the amount that was allowed for solicitor's fees.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*