## William A. Amberg, Trustee, v. Nannie Sandhagen.

1. VERDICTS—*On Conflicting Evidence.*—Where the evidence is conflicting, it is for the jury to say where the truth lies; and when their verdict has been approved by the trial judge who heard the evidence, it is not for the Appellate Court to disturb it.

**Assumpsit,** for use and occupation. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed July 23, 1901.

MASON BROTHERS, attorneys for appellant; HENRY E. MASON, of counsel.

GEORGE E. LEONARD, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

In an action of assumpsit brought by appellant the jury returned a verdict in favor of appellee, upon which judgment was entered. The suit was begun December 5, 1899.

The declaration was for the use and occupation of certain premises, and there were added certain common counts not applicable to the facts shown.

Plaintiff's (appellant's) evidence tended to show that the defendant had been in possession as a tenant of the premises some thirty years, and had not paid any rent for the last two years and a little over. The same witness by whom the occupation was shown, testified that the use and

occupation was reasonably worth during the last preced-
ing two years about $50 a month, and for that time the
defendant had not paid anything.

On cross-examination he testified that she paid rent to
him as clerk of the agent of the premises up to July 1, 1897,
and that moneys since that time were brought into the
agent's office for her by some one else, but he did not state
the amount. It would seem, therefore, that the extent of
appellant's claim was for the use of the premises during
about the period of two years last preceding the commence-
ment of the suit, or from November or December, 1897.

On the part of the defense, the defendant testified in sub-
stance that she had occupied the premises thirty-nine years
up to a short time before, and that during the last two
years of that time she had frequent conversations with Mr.
Ward (described by her as the owner of the place) and told
him she would not have anything more to do with the
agents (that they had treated her badly, etc.), but would
deal only with him, and that he replied " All right," and
thereafter she sent whatever money she paid, to him; that
she told Mr. Ward she could not pay the rent she had been
paying, that the rent had always been too high and that
for the next year she would not rent the place at all, and
that he agreed with her that she should live there another
year without paying anything if she would pay the taxes,
and that after that she paid the taxes and made her own
repairs.

Mr. Ward testified in rebuttal that he commenced to col-
lect rent for the property after May, 1897, and had no
recollection of making such an agreement with the defend-
ant as she had testified to, and in effect said the only under-
standing he had with her was that she should pay $50 a
month and make her own repairs.

As to the value of the use and occupation of the prem-
ises Mr. Ward did not testify. Aside from the clerk's
testimony that the reasonable worth of the use and
occupation of the premises was $50 a month there was no
testimony except that of the defendant, who testified they

were worth $15 dollars a month, and for the last two years were not worth living in.

Reliance is placed by appellant upon a written memorandum produced by the appellee at the trial for the purpose of showing the amounts paid by her to Mr. Ward, and which was offered in evidence by the appellant. That statement shows that from June 2, 1897, defendant paid to Mr. Ward $370 on a verbal lease of the premises for one year from May 1, 1897, at a rental of $50 per month.

Assuming that the memorandum would tend to show a verbal lease of the premises at $50 a month for the year referred to if the suit were based on a lease, verbal or otherwise, it had no tendency to support the declaration for use and occupation covering the same period of time. The plaintiff sued for use and occupation and not on a lease. The memorandum was competent to show the amount of money paid to Mr. Ward if there was any dispute about it, but could not serve the purpose of making out a case on a lease that was not declared upon. No instructions whatever to the jury were asked or given, and the jury were left to place their own construction on the memorandum, and it would seem they properly rejected that portion of it which tended to establish a case not made by the declaration.

As to everything else the truth of the matter was to be found in evidence that was conflicting, and it was for the jury to say where it lay.

Their verdict has been approved by the learned trial judge, who heard the evidence, and we ought not to disturb it. We need only to refer to the one case cited by appellant (City of Peru v. French, 55 Ill. 317), although there are many others, particularly O'Brien v. Palmer, 49 Ill. 72, that a verdict will not be set aside even though against the weight of evidence, unless injustice has been done, which does not appear on this record.

The judgment will be affirmed.