## Louisa Buehlman, Defendant in Error, v. George F. Koester, Plaintiff in Error.

### Gen. No. 16,347.

1. APPEAL AND ERROR—*when improper form of judgment will not reverse.* Since an action under R. S. c. 95, § 10, to recover a penalty from a trustee refusing to release a trust deed, is one in debt, a judgment for "damages" is irregular, but such irregularity is not reversible error.

2. MORTGAGES—*when trustee justified in refusing to release trust deed.* A deed of trust provided that, on failure to maintain insurance payable to the trustee, insurance might be procured and that the money paid should be additional indebtedness. After the expiration of a policy the mortgagor obtained insurance payable to the holder of the notes, but prior to the expiration the trustee procured other insurance. The grantors in the trust deed conveyed a part of the property and the notes were afterwards paid. The trustee refused to release the deed unless his insurance premium was paid and was sued under R. S. c. 95, § 10, by the mortgagor's grantee to recover a penalty for the refusal. *Held*, the position of the plaintiff was the same as the mortgagor and she was not entitled to recover.

Error to the Municipal Court of Chicago; the Hon. MANCHA BRUGGEMEYER, Judge, presiding. Heard in this court at the March term, 1910. Reversed. Opinion filed June 17, 1912.

**Statement by the Court.** July 29, 1902, Christoph Mayer and wife executed a trust deed in the nature of a mortgage to George F. Koester, trustee, to secure their principal note for $8,000 and certain interest notes, all payable to their own order and by them endorsed. The notes were delivered to John P. Gondolph and were by him held and owned until after 1904, when he sold them to Virgil F. Brand. The grantors in said trust deed covenanted to keep the buildings on said premises insured in such companies as the holder of said notes should direct and to deliver the policies to the holder of said notes, so written as to make the loss payable to the grantee in said trust deed as his

interest might appear, and that in the event of their failure to so insure, the grantee or the holder of said indebtedness might procure such insurance and all moneys so paid the grantors agreed to pay, and that the same, with interest, should be so much additional indebtedness secured by said trust deed. A policy of insurance on said premises held by Gondolph expired July 2, 1904. Mrs. Mayer, one of the grantors in the trust deed, told Putkamer, an insurance man, that she would give him the insurance on said buildings, and he caused a policy to be issued with loss payable to Gondolph. It does not appear that this insurance was taken out before the expiration of the former policy. Prior to the expiration of the former policy the trustee procured other insurance and paid therefor $32. The grantors in said trust deed in 1905 conveyed a portion of the mortgaged premises to defendant in error, Buehlman. The notes secured by the trust deed were all paid and cancelled and Mrs. Buehlman demanded that the trustee release said trust deed, and gave him notice that unless he did so she would take advantage of sec. 10, chap. 95, of the Revised Statutes of Illinois. The trustee refused to release said trust deed unless the amount paid by him for insurance was repaid to him. Mrs. Buehlman then brought this action of debt to recover under the statute the sum of $50 for failure to release said trust deed. The cause was submitted to the court and the court found the issues for the plaintiff, assessed plaintiff's damages at $50, gave judgment for the damages so assessed and costs, and the defendant sued out this writ of error.

LOESCH, SCOFIELD & LOESCH, for plaintiff in error.

D. B. BRILLOW, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court. The judgment for ''damages'' was irregular, as the

action was debt, but such irregularity is not a ground of reversal. R. R. Co. v. Steele, 69 Ill. 253.

The statute under which the action is brought is as follows: "If any mortgagee or trustee in a deed in the nature of a mortgage * * * knowing the same to be paid, shall not, within one month after the payment of the debt secured by such mortgage or trust deed and request and tender of his reasonable charges, release the same, he shall, for every such offense, forfeit and pay to the party aggrieved the sum," etc. Illinois Revised Statutes, chap. 95, sec. 10.

It does not appear that the insurance taken out by Putkamer was taken out before the expiration of the former policy, or that the defendant was notified before he took out the insurance for which he paid $32 that new insurance had been or would be taken out by the mortgagors, and the policy taken out by Putkamer was payable to the holder of the notes secured by the trust deed and not to the grantee therein, as the deed provided. Under the circumstances shown by the evidence the defendant was, at the time he procured the new insurance, authorized to procure such new insurance, and the amount paid by him therefor by the terms of the trust deed became so much additional indebtedness secured by said trust deed. Mrs. Buehlman acquired her interest in the property subject to the trust deed, and her position as the grantee of the mortgagors was the same as that of the mortgagors. Baker v. Aalberg, 183 Ill. 258.

The evidence fails to show that all of the indebtedness secured by the trust deed had been paid, and the court therefore erred in rendering judgment for the plaintiff.

The judgment is reversed but the cause will not be remanded.

*Judgment reversed.*