STONE, J.
Plaintiffs, H. H. Costerisan and Allan H. McFarland, in their complaint each alleged a separate cause of action for false imprisonment against Tejón Ranch Co. and its agent, Henry Melendy, resulting from their detention while upon Tejón Ranch land during a hunting expedition. Plaintiffs alleged a right of access across Tejón Ranch land to their own landlocked property. Tejón Ranch and Melendy both filed cross-complaints against plaintiffs; Tejón Ranch alleged trespass, and Melendy alleged cross-defendants caused him mental suffering by threatening physical harm and threatening to sue him.
The jury was unable to agree on any of the issues of the Costerisan cause of action, and unable to agree on the issue of damages on the McFarland cause of action. Hence the trial court declared a mistrial as to the causes of action alleged in the complaint, a ruling that is not questioned.
On the cross-complaint the jury found in favor of Tejón Ranch on the trespass issue in its causes of action against Costerisan and McFarland. However, on the issue of nominal and compensatory damages the jury found “$ no damages” in each verdict. The trial court did not send the jury back with appropriate instructions on the significance, of nominal damages in a trespass verdict, but ordered the verdicts filed and judgments entered accordingly.
After the jury had been dismissed, cross-defendants Costerisan and McFarland moved to vacate the judgments in favor of Tejón Ranch entered pursuant to the verdicts on the cross-complaint. The court took the matter under submission, and several days later declared the verdicts incomplete, ordered the judgments vacated, and granted a mistrial. Tejón Ranch then moved to have these orders vacated; the motion was denied, and Tejón Ranch appeals upon the ground the verdicts were sufficient as returned and the judgments entered pursuant thereto are valid, so that the trial court was without jurisdiction to order a mistrial.
As to Melendy’s cause of action on his cross-complaint, the jury found in favor of cross-defendants Costerisan and McFarland, and a judgment was entered accordingly. Melendy filed notice of appeal but filed no brief, and we deem his appeal abandoned.
Cross-defendants filed a cost bill seeking all of their costs *55 incurred in the trial of both the complaint and the cross-complaint from Melendy. The court ordered the cost bill stricken, and cross-defendants appeal from that order.
The critical question presented by cross-complainant Tejón Ranch’s appeal is whether, in a trespass case, a jury verdict finding there was a trespass but finding no damages, either nominal or compensatory, is valid, or, conversely, whether it is an incomplete verdict so that the judgment based thereon must be considered a nullity. If it is an insufficient or incomplete verdict, then, of course, the subsequent orders vacating judgment and declaring a mistrial are proper.
Gross-defendants Costerisan and McFarland seek to draw a parallel between the trespass verdict and the verdict on McFarland’s cause of action for false imprisonment that was admittedly insufficient and incomplete because the jury was unable to find upon the issue of damages. The two verdicts are not apposite; in the McFarland verdict the jurors were vnable to agree on the question of damages, and no verdict resulted, while the jury did agree on the issue of damages on the cross-complaint and found there were “no damages.”
Tejón Ranch makes a two-pronged argument in support of its contention that the verdict is legally sufficient. The first argument is actually a suggestion that this court follow the procedure approved by the Supreme Court in Davidson v. Devine, 70 Cal. 519 [11 P. 664], We note, parenthetically, that there appears to be no case since Davidson directly touching upon this issue, probably because incomplete or technically insufficient verdicts are easily remedied by sending the jury back with clarifying instructions (Code Civ. Proc. § 619), a procedure that was not followed here.
In Davidson v. Devine, supra, the jury found for the plaintiff in a trespass ease and as to the issue of damages returned its verdict: “Yes. Damages nominal.” It appears from the sketchy facts in the opinion that the trial judge entered damages for “one cent.” The court held, at pages 520-521:
“We are asked to set the verdict and judgment aside because the term ‘damages nominal’ is not definite and certain.
“The answer is, judgments are reversed by this court, not for error alone, but for such errors as work an injury to the appellants.
“Defendant was not injured by a judgment in other respects proper, and which awarded one cent damages against him in a case where plaintiff was entitled to nominal damages.
“Again, the law disregards trifles (Civ. Code, § 3533), and *56 as only one cent is involved in the determination of the question at issue, the doctrine of De minimis non curat lex should be invoked, and the judgment of the court below should be affirmed. ’ ’
Tejón Ranch asks this court to likewise insert “one cent nominal damages” in the judgment, and affirm. But in our case the jury did not find “nominal damages”; it found “no damages.” One cent is commensurate with “nominal damages” so that in Davidson the court, by adding the definite sum “one cent,” did not alter the substance of the jury’s verdict. The Davidson case, upon which Tejón Ranch relies, distinguishes between nominal damages and no damages, at page 520: “The proposition presented, then, is this: Under the pleadings and facts as found, plaintiff was entitled to nominal damages; and had the jury found otherwise upon this last question, it would have been the duty of the court, in view of the other facts found, to set the finding aside. ’ ’
Tejón Ranch argues that the jury found there was a trespass and the record reflects no actual property damage, therefore to require a retrial of the cross-complaint upon the technicality that nominal damages were not found reflects an outmoded adherence to ritualistic legal thinking, a process which has been supplanted by reason in law finding. The argument seems sound at first blush, since no physical damage was done to the property, but it overlooks the distinction between an equitable action to enjoin a trespass, in which the relief sought is protection against future trespass, and a trespass action in tort for damages arising from a past trespass. Damages, even though nominal, are considered necessary to support a judgment in a trespass tort action since it is essentially an action for damages. This requirement presents no obstacle where a jury is properly instructed, since every trespass is an invasion of a legal right of another and carries with it the right to nominal damages. (Attwood v. Fricot, 17 Cal. 37, 44 [76 Am. Dec. 567]; Prosser, Law of Torts (3d ed.) p. 66; Rest.2d Law of Torts, § 163, p. 294.)
Had the jurors understood the legal significance of their verdict, that is, had they been advised of the inconsistency in finding a trespass but awarding no damages, and had they understood the import of an award of nominal damages, no doubt they would have returned a verdict for some small amount as nominal damages. But their aberrant verdicts were not called to their attention • the jurors were discharged without being given proper instructions nor an opportunity *57 to correct their verdicts. We cannot eliminate the inconsistency on appeal as we are bound by the language of Davidson v Devine, supra, distinguishing between “one cent” and “no damages.” (Auto Equity Sales, Inc. v. Superior Court, 57 Cal. 2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) This court cannot insert “one cent” or any other amount in a judgment that flows from a jury verdict finding “no damages,” nominal or otherwise, in a tort trespass action.
Tejón Ranch makes the additional argument that there is a long line of cases following Kenyon v. Western Union Tel. Co., 100 Cal. 454 [35 P. 75], holding that “where a judgment is erroneous only because it fails to give nominal damages it will not be reversed unless nominal damages in the given case would carry costs.” (P. 458-459.) Tejón Ranch asks us to apply this rule conversely, that is, to reverse the trial court’s order setting aside the judgments entered pursuant to a verdict that failed to give nominal damages.
Aside from the fact that neither Kenyon nor the many cited cases which follow it arise from a trespass action, the cases contain language that precludes application of the de minimis doctrine here. We refer to the limiting language that a judgment will not be reversed unless nominal damages would carry costs, or the object of the action is to determine some question of permanent right. (Kenyon v. Western Union Tel. Co., supra; Keister v. O’Neil, 59 Cal.App.2d 428, 435 [138 P.2d 723]; Sweet v. Johnson, 169 Cal.App.2d 630, 632 [337 P.2d 499].) A question of permanent right is here involved in that if cross-defendants are guilty of trespass, their entry on Tejón Ranch land was not a matter of right as they contend, hence the maxim of de minimis non curat lex is not applicable.
There remains the question whether the trial court abused its discretion in striking cross-defendants’ cost bill, by which they sought to assess the costs for the entire trial as to all causes of action against cross-complainant Melendy. The disposition of this one cause of action is not a final disposition of the entire case insofar as Melendy, Costerisan and McFarland are concerned. In their complaint, Costerisan and McFarland each alleged a cause of action against Melendy, and as to each cause of action a mistrial was declared. Thus the litigation, all of which ■ arises from the same transaction, is only partially completed. We find no abuse of discretion in the trial court’s decision to wait until all eáuses of action between the same parties are determined before tax *58 ing costs. In fact, we see no other practical way to tax costs in a multi-cause, multi-party lawsuit.
The judgments and orders are affirmed. Each party to bear own costs on appeal.
Conley, P. J., concurred.
Gargano, J., deeming himself disqualified, did not participate.
A petition for a rehearing was denied November 7, 1967. Gargano, J., did not participate therein. The petition of the defendant, cross-complainant and appellant for a hearing by the Supreme Court was denied December 7, 1967.