**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation, Plaintiff-Appellant, v. INTEGRATED SUPPLY NETWORK, LLC, a Florida limited liability company, Defendant-Appellee. | No. 19-55760 D.C. No. 5:17-cv-00548-CBM-RAO MEMORANDUM* |
| MONSTER ENERGY COMPANY, a Delaware corporation, Plaintiff-Appellee, v. INTEGRATED SUPPLY NETWORK, LLC, a Florida limited liability company, Defendant-Appellant. | No. 19-55800 D.C. No. 5:17-cv-00548-CBM-RAO |

Appeal from the United States District Court
for the Central District of California

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Consuelo B. Marshall, District Judge, Presiding

Argued and Submitted July 8, 2020
Seattle, Washington

Before: FERNANDEZ and NGUYEN, Circuit Judges, and BOLTON,[**] District Judge.

Plaintiff Monster Energy Company (MEC) brought this infringement action against Defendant Integrated Supply Network, LLC (ISN) under the federal Lanham Act[1] and California law.[2] The jury determined that ISN had infringed some of MEC's marks and its trade dress, that the infringement was not willful, and that MEC had proven $0 in actual damages but was entitled to $5,000,000 in punitive damages. The district court denied MEC's motion for a permanent injunction under the Lanham Act,[3] dismissed its California Unfair Competition Law[4] (UCL) claim, awarded MEC $1 in nominal damages, and otherwise denied the parties' post-trial motions. MEC appeals, and ISN cross-appeals, a number of

[**]     The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

[1]     *See* 15 U.S.C. §§ 1114(1), 1125(a).

[2]     *See* Cal. Bus. & Prof. Code § 17200; *Los Defensores, Inc. v. Gomez*, 166 Cal. Rptr. 3d 899, 912 (Ct. App. 2014).

[3]     *See* 15 U.S.C. § 1116(a).

[4]     *See* Cal. Bus. & Prof. Code §§ 17200, 17203.

the district court's decisions in Nos. 19-55760 and 19-55800, respectively. We affirm in part, vacate in part, and remand.

No. 19-55760

(1) MEC argues that the district court abused its discretion[5] in denying its motion for a permanent injunction pursuant to the Lanham Act on the ground that MEC had not demonstrated actual irreparable harm[6] from ISN's infringement. We disagree. Even if MEC adduced evidence of a strong business reputation and goodwill attributable to its marks and trade dress, the district court acted within its discretion in finding that MEC did not show that ISN's infringement was inflicting actual, irreparable harm on those assets. *See adidas Am., Inc. v. Skechers USA, Inc.*, 890 F.3d 747, 752, 759–61 (9th Cir. 2018); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74, 105 S. Ct. 1504, 1511, 84 L. Ed. 2d 518 (1985); *cf. adidas*, 890 F.3d at 752, 756–57.

(2) MEC argues that the district court erred in dismissing its California UCL claim for lack of standing. *See* Cal. Bus. & Prof. Code § 17204; *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 885–86 (Cal. 2011). We agree. While MEC had to

---

[5]   *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641 (2006); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

[6]   *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013).

demonstrate an economic injury in order to have UCL standing, it only needed to show "the quantum of lost money or property necessary . . . to establish injury in fact" under federal law. *Kwikset*, 246 P.3d at 886; *see also id.* at 885. The jury determined that ISN infringed MEC's trademarks and trade dress, which is itself a cognizable injury. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91–92, 133 S. Ct. 721, 727, 184 L. Ed. 2d 553 (2013); *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1225–26 (9th Cir. 2008); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 578, 112 S. Ct. 2130, 2136, 2145, 119 L. Ed. 2d 351 (1992). That injury is economic for UCL purposes because ISN's infringement deprived MEC of the exclusive use of "property to which [it] . . . has a cognizable claim." *Kwikset*, 246 P.3d at 885–86; *see Hamilton-Brown Shoe Co. v. Wolf Bros. & Co.*, 240 U.S. 251, 259, 36 S. Ct. 269, 272, 60 L. Ed. 629 (1916); *see also Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 673, 119 S. Ct. 2219, 2224, 144 L. Ed. 2d 605 (1999). Thus, we vacate the standing decision and remand for a decision on the merits of the UCL claim.[7]

---

[7] The district court should consider the effect, if any, of *Sonner v. Premier Nutrition Corp.*, 962 F.3d 1072, 1081 (9th Cir. 2020).

(3) MEC argues that the district court abused its discretion[8] in denying MEC's motion for a new trial on actual damages on the ground that the jury's $0 damages verdict was unsupported by the evidence. We disagree. The verdict reflects the jury's determination that MEC failed to carry its burden of proving the amount of damages, if any. *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 620–21 (9th Cir. 1993); *Phillipine Nat'l Oil Co. v. Garrett Corp.*, 724 F.2d 803, 806 (9th Cir. 1984); *see also Guy v. City of San Diego*, 608 F.3d 582, 588 (9th Cir. 2010). Any tension between the jury's punitive and actual damages awards does not lead to the conclusion that the actual damages verdict had no reasonable basis. *See Molski*, 481 F.3d at 729. The district court did not abuse its discretion in denying MEC's motion for a new trial on actual damages.

(4) At the time of trial, we required willfulness as a precondition to a disgorgement award under the Lanham Act. *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 441 (9th Cir. 2017). MEC argues that *Romag Fasteners, Inc. v. Fossil, Inc.*, __ U.S. __, __, 140 S. Ct. 1492, 1495–97, 206 L. Ed. 2d 672 (2020), has fatally undermined that principle. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). We exercise our discretion to consider

---

[8]     *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 728 (9th Cir. 2007); *see also Hinkson*, 585 F.3d at 1261–62.

5

this question,[9] and we agree that the Supreme Court has squarely rejected the reasoning that motivated *Stone Creek.  See Romag Fasteners*, __ U.S. at __, 140 S. Ct. at 1495–97.  Thus, we remand to the district court to decide whether disgorgement of profits is appropriate in the circumstances of this case.  *See id.* at __, 140 S. Ct. at 1497.

No. 19-55800

(5) Several of ISN's assignments of error are essentially alternative facets of its theory that MEC failed to demonstrate that it was injured by ISN.  First, as described above at (2), the infringement verdict itself constitutes a cognizable injury in fact.  Thus, we reject ISN's argument that MEC lacked constitutional standing to pursue its claims.[10]  Second, ISN was not entitled to judgment as a matter of law on MEC's infringement claims because the showing required to demonstrate a Lanham Act violation cannot be conflated with the showing required to recover damages for that violation.  *See* 15 U.S.C. § 1117(a); *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999); *Intel Corp.*, 6 F.3d at 620–21.  Third, the district court did not err in refusing to use

---

[9]     *Dream Palace v. County of Maricopa*, 384 F.3d 990, 1005 (9th Cir. 2004).

[10]     We also reject ISN's implicit assumption that standing evaporates if a plaintiff loses on the merits.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S. Ct. 1003, 1010, 140 L. Ed. 2d 210 (1998).

6

injury and causation jury instructions and verdict-form questions that were predicated on ISN's misunderstanding of the showing required for a Lanham Act violation. *See Clem v. Lomeli*, 566 F.3d 1177, 1180–81 (9th Cir. 2009).

(6) The district court did not abuse its discretion in excluding evidence that MEC's energy drinks cause harm to some consumers. While the evidence may have had some slight relevance, the district court properly excluded it on the basis that it plainly carried a substantial risk of unfair prejudice. *See United States v. Wiggan*, 700 F.3d 1204, 1213 (9th Cir. 2012); *see also* Fed. R. Evid. 401, 403.

(7) The district court erred in refusing to vacate the punitive damages award[11] based on MEC's California common law claim. Because "actual damages are an absolute predicate for an award of exemplary or punitive damages" in California and the jury awarded $0 in actual damages, the punitive damages award should have been vacated. *Kizer v. County of San Mateo*, 806 P.2d 1353, 1357 (Cal. 1991); *see Cheung v. Daley*, 42 Cal. Rptr. 2d 164, 167 (Ct. App. 1995); *see also Costerisan v. Tejon Ranch Co.*, 62 Cal. Rptr. 800, 802–03 (Ct. App. 1967). Moreover, although an award of nominal damages may be mandatory in a 42

---

[11]     *See* Cal. Civ. Code § 3294(a).

7

U.S.C. § 1983 action in some circumstances,[12] the district court erred in overriding the jury's $0 damages verdict and awarding $1 in nominal damages in this case. *See Wei Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1038 (9th Cir. 2003); *Costerisan*, 62 Cal. Rptr. at 802–03. We vacate the nominal and punitive damages awards, and we remand so that the district court can consider whether the punitive damages should be reinstated, in whole or in part, after the UCL and Lanham Act disgorgement claims are decided.

(8) We vacate the attorney's fees and costs awards and remand for reconsideration after the district court has decided the other matters on remand.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED** for further proceedings not inconsistent with this disposition. The parties shall bear their own costs on appeal.

---

[12] *See Hazle v. Crofoot*, 727 F.3d 983, 991 n.6, 992 (9th Cir. 2013); *Floyd v. Laws*, 929 F.2d 1390, 1401–02 (9th Cir. 1991).